# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**MICAH JEREMY THOMPSON**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:22-CV-P381-JHM**

**LOUISIVLLE METRO DEPARTMENT**
**OF CORRECTIONS** *et al.*                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Micah Jeremy Thompson filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. By prior Memorandum Opinion and Order, the Court conducted an initial review of the original complaint pursuant to 28 U.S.C. § 1915A (DN 6). Upon review, the Court allowed a claim for failure to protect in violation of the Fourteenth Amendment to proceed against Louisville Metro Government based on Plaintiff's allegations concerning his exposure to and testing positive for COVID-19. The Court also gave Plaintiff the opportunity to file an amended complaint to name as Defendants the individuals who he alleges denied him medical treatment.[1]

Plaintiff has now filed an amended complaint (DN 8) which is before the Court for initial review pursuant to § 1915A. For the reason stated herein, the Court will allow Plaintiff's claim against Louisville Metro Government to proceed based on allegations in both the original and amended complaint and will dismiss all other claims in the amended complaint.

### I. SUMMARY OF AMENDED COMPLAINT

In caption of the amended complaint, Plaintiff names Louisville Metro Government as the only Defendant. In the "Defendants" section of the amended complaint form, he lists only Louisville Metro Government. In addition, he tenders no new summons forms for any Defendant.

---

[1] Plaintiff alleged in the complaint that he was denied medical treatment after he contracted COVID-19 but did not name the individuals who allegedly denied him treatment.

As Plaintiff stated in the original complaint, he reports in the amended complaint that he was incarcerated in LMDC from June 11, 2021, to March 1, 2022, and again states that he "tested positive for Covid 19 between the dates 8/01/2021 to 10/31/202[1]." He asserts, "The Louisville Metro Government failed to protect me from the Covid 19 virus in addition failed to give me medical treatment after the fact." He continues as follows:

> The 1st is the staff did not consistently wear mask and some never. Officer Sanders and Officer Gibson was two that never wore masks and I was around them all the time working in the kitchen. Officer Perez would come down to get ice from the 5th and 6th floor and did not wear a mask. The guard in charge of maintance would fix various things in the kitchen and not wear a mask. The trinity worker Crystal stated that kitchen employees did not have to wear masks.

Plaintiff also states, "The 2nd is the kios in the jail did not work so inmates did not have an effective way to communicate and report issues in a timely manner." He asserts, "The 3rd way Louisville Metro Government failed to protect me was not having a system in place to clean and sanitize the dorm daily." He states, "I was forced to beg officers for cleaning supplies. Between 8/01/2021 to 10/31/202[1] I asked several officers for bleach to sanitize the dorm. Officer Dukes, Sander, Hamons, they all would say they were not allowed."

Plaintiff further asserts that the day he tested positive for COVID-19 he "asked the head nurse if we were going to the hospital for treatment, she states 'No, there is no treatment for Covid 19.' At this time I did not have any symptoms." He reports that a few days later, while he was in quarantine with fifteen other people, he "told the nurse I was having headache and could I get some advil. The nurse stated that she could not give me advil it was not good for Covid 19, if I wanted advil to order it on canteen. So that is what I did." He states, "I do not know the nurse's name they did not wear name badges. If the kios worked I would have been able to communicate my issues to the correct person who could help." Plaintiff also states as follows:

> After quareenteen was over I would periodically have headachs. Headach is a symptom of high blood pressure, none of the nurses asked to check my blood pressure when I reported having headachs. Currently I have cronic high blood pressure, my taste and smell of food is not the same since testing positive for Covid 19 which will affect my career as a restaurant supervisor. Testing positive for Covid 19 affected my change in guilty plea. My attorney Matt Baskins told me I would get out on probation, which did not happen.

As relief, Plaintiff seeks compensatory and punitive damages in the amended complaint.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551

3

F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

As stated above, in its prior Memorandum Opinion and Order (DN 6), the Court gave Plaintiff the opportunity to name as Defendants the individuals who he alleges denied him medical treatment after contracting COVID-19. While Plaintiff refers in the body of his complaint to a nurse(s) to whom he made requests for treatment, he neither names any new Defendants nor sues any John or Jane Doe Defendant in the amended complaint. Therefore, the Court will dismiss Plaintiff's claims based on the alleged denial of medical treatment. This does not prevent Plaintiff from moving to amend his complaint in the future if he is able to identify any medical personnel who allegedly denied him treatment.

In addition, in the body of the amended complaint, Plaintiff refers to several LMDC personnel who did not wear masks or who denied him cleaning supplies. Because Plaintiff does not list any of these individuals as Defendants, the Court does not construe the amended complaint as seeking to add these individuals as Defendants. However, the Court will allow Plaintiff's Fourteenth Amendment claim against Louisville Metro Government to proceed based on allegations in both the original and amended complaint concerning his exposure to and testing positive for COVID-19.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that any claims raised in the amended complaint, with the exception of Plaintiff's Fourteenth Amendment claim against Louisville Metro Government, are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the continuing claim against Louisville Metro Government.

Date: May 12, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant Louisville Metro Government
    Jefferson County Attorney
4414.010