**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**MICAH JEREMY THOMPSON**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:22-CV-P381-JHM**

**LOUISIVLLE METRO DEPARTMENT**
**OF CORRECTIONS** *et al.*                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Micah Jeremy Thompson filed the instant *pro se* prisoner 28 U.S.C. § 1983 action.
This matter is before the Court on the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed
by Defendant Louisville Metro Government (DN 19).  Plaintiff filed a response (DN 23).
Defendant Louisville Metro Government did not file a reply, and the time for doing so has expired.
For the reasons stated below, the motion to dismiss will be denied.

## I. ALLEGATIONS WHICH SURVIVED INITIAL REVIEW

Upon initial review pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claim for
failure to protect in violation of the Fourteenth Amendment to proceed against Defendant
Louisville Metro Government based on his allegations in the original and amended complaint
(DNs 6 and 13).

In the original complaint (DN 1), Plaintiff states that he was incarcerated in LMDC from
June 11, 2021, to March 1, 2022.  He states that he "caught the Covid 19 virus between the dates
8/01/2021 to 10/31/202[1]."  He reports that he asked for cleaning supplies numerous times
between August 1, 2021, and March 1, 2022, and was denied.  He maintains that he "was not able
to clean and sanitize the dorm daily to prevent myself from getting the Covid 19 virus."  He also
states the following:

> Due to overcrowding there was no social (40 men in dorm) distancing. They did
> not provide mask to new intakes. Employees of the jail including correctional
> officers did not wear masks and constantly entered the dorm daily without wearing
> a mask. I asked one of the officers to put on a mask and they ignored me. There
> was no regular laundry in the cell from dates 6/11/2021 to 3/1/2022.

He also reports, "Currently I suffer symptoms from Covid 19, I have developed high blood

pressure as a result of the stress of the ordeal at the Louisville jail."

In the amended complaint (DN 8), Plaintiff asserts, "The Louisville Metro Government

failed to protect me from the Covid 19 virus . . . ." He continues as follows:

> [T]he staff did not consistently wear mask and some never. Officer Sanders and
> Officer Gibson was two that never wore masks and I was around them all the time
> working in the kitchen. Officer Perez would come down to get ice from the 5th and
> 6th floor and did not wear a mask. The guard in charge of maintance would fix
> various things in the kitchen and not wear mask. The trinity worker Crystal stated
> that kitchen employees did not have to wear masks.

He further asserts that Defendant Louisville Metro Government failed to have "a system in place

to clean and sanitize the dorm daily." He states, "I was forced to beg officers for cleaning supplies.

Between 8/01/2021 to 10/31/202[1] I asked several officers for bleach to sanitize the dorm. Officer

Dukes, Sander, Hamons, they all would say they were not allowed." He also alleged in the

amended complaint that his "taste and smell of food is not the same since testing positive for Covid

19 which will affect my career as a restaurant supervisor."

## II. STANDARD

Courts apply the same standard under § 1915A as they do when addressing a motion to

dismiss under Fed. R. Civ. P. 12(b)(6). *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013);

*Wilder v. Collins*, No. 2:12-cv-0064, 2012 U.S. Dist. LEXIS 64231, at *12-13 (S.D. Ohio May 8,

2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a

motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)."). As

another district court stated, "[A] motion to dismiss under Rule 12(b)(6) is almost never an

2

appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond." *Moreno v. Beddome*, No. CV 11-2333-PHX-DGC, 2012 U.S. Dist. LEXIS 107901, at *4 (D. Ariz. Aug. 2, 2012).

Under both § 1915A and Fed. R. Civ. P. 12(b)(6), to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). In addition, "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. ANALYSIS

Defendant Louisville Metro Government argues that Plaintiff's claims against it must be dismissed because "Plaintiff does not identify any policy, custom, or practice which was the moving force behind the alleged unconstitutional behavior . . . ." On the contrary, in conducting its initial review under the same standard applicable to Defendant Louisville Metro Government's Rule 12(b)(6) motion, and construing the original and amended complaint broadly, as it is required

to do at that stage, *see Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), the Court found that Plaintiff sufficiently alleged a policy or custom on the part of Defendant Louisville Metro Government to state a Fourteenth Amendment claim against it based on Plaintiff's allegations concerning his exposure to and testing positive for COVID-19.  Upon review, the Court reaches the same conclusion here and will deny the motion to dismiss on this basis.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Defendant Louisville Metro Government's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (DN 19) is **DENIED**.

**Defendant Louisville Metro Government shall file an answer within 21 days of the entry of this Memorandum Opinion and Order.**

Date:    October 25, 2023

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:     Plaintiff, *pro se*
        Counsel of record
4414.010

4